The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable Thomas M. Harris presiding. Good morning, counsel. This first case for the day is case number 4-21-0752, People v. Yuran Matthews. Could counsel please identify themselves for the record. First for the appellant. Yes, good morning. My name is Catherine Oberer, representing the appellant, Yuran Matthews. All right, thank you. And for the appellee? My name is David Mitchell. I'm with the appellate prosecutor speaking on behalf of the state. All right, thank you. Ms. Oberer, you may proceed. Thank you, Your Honor. May it please the court, I do plan to address all of the issues in the briefing today, time permitting, and I would like to please reserve five minutes for rebuttal. The first problem and issue in this case is that Mr. Matthews has been repeatedly and improperly criminalized for engaging in what is constitutionally protected conduct, firearms possession. To correct this problem, this court needs to vacate his convictions for unlawful use of weapon in the 1990 Will County case, for unlawful use of weapon in the 1992 Will County case, and for unlawful use of weapons by a felon in the 1994 Will County case. All of these convictions involve violating statutes that are facially unconstitutional in violation of the Second Amendment. The convictions are void of initio, and the state does not dispute this. In this case, out of Adams County, Mr. Matthews was again improperly criminalized for engaging in that same constitutionally protected conduct. That 1994 conviction that I just mentioned was used and relied upon as a predicate to support his conviction for armed habitual crime, and that was improper. Our Supreme Court in the case of In re Angie held that the state cannot use a past conviction for violating a spatially unconstitutional law in any subsequent proceeding to support guilt for a subsequent offense. In its briefing here the state doesn't it was a great there was this used to support a finding of guilt. Yes, it was. I thought it was a sentence. The 1994 unlawful use of weapons conviction in Will County was a predicate for the armed habitual criminal charge. There were two other convictions that were improperly used at sentencing. Well, the ones that were improperly used at sentencing weren't used to enhance the underlying conviction with it. The unlawful use of weapons convictions. They were the the 1990 in the 1992 unlawful use of weapons convictions were used and considered at sentencing and that was improper. Well, to answer my question they weren't used to enhance a sentence to raise it to a higher level felony with it. No, no. And also, by the way, even if this conduct wasn't criminal. It wasn't in violation of a statute at a sentencing hearing isn't all conduct engaged in by defendant admissible for whatever weight the trial court seeks to give it especially in a case like this where the question is, is involvement with guns and weapons. Whether legal or not. So you're correct that the Supreme Court says he hasn't had a second right. Isn't that something which the trial court could be made aware of and could consider at sentencing along with the entire package of the fellow before him. Well there there are sentencing factors that the court can consider an aggravation. Here, it was convictions that were used as aggravating factors from lawful use of weapon and unlawful use of weapon. I fell in typically conduct has to be relevant and reliable to be considered at sentencing in the framework of those aggravating factors. I think the problem here at sentencing was that the circuit court incorrectly believes that Mr Matthews was engaged in criminal conduct of possession of weapons. And they, the circuit court said that specifically, it stated that it had a philosophy that it's sentencing was progressive in nature, that the more criminal history a person had the more severe that person sentence should be, and it said that Mr Matthews had engaged in a pattern of criminal conduct. And that would be a matter that this court could consider and should consider the post conviction petition, and the defendant raised it in his position, but he didn't think. No, this, the Second Amendment issue is not in the post conviction petition. So we can consider it only if the trial courts doing so was the equivalent of the courts consideration of a boring conviction. The Supreme Court and NG held that the state cannot use a conviction for violating a facial and constitutional statute in any way. They cannot use it to enhance punishment that stated specifically. Well, I can't so I understand that. That's why I preface it by saying he included it in this post conviction petition, that would be an error which would be something for us but the rules also you can't raise on appeal matters, which he didn't put this post conviction petition, unless the matter was something that was void. This is not correct. That's the general the general rule is that you can't raise new claims on an appeal from post conviction petition. This has to be a matter of considering a void judgment, the equivalent of that for us to consider your argument doesn't. Yes, the, the, and again, going back to the fact that this is a sentencing, this is not a matter where the prior conviction was used to determine, for instance, was eligible for our class X sentencing to raise the level. We're just now dealing with general information considered by a trial court and as a matter of fact, the conduct could have been considered, it's just the fact that it was a conviction. That was improper to consider. Isn't that right. The 1990 in the 1992. My question is the answer to my question. Yes. I'm not sure how it would be considered. Well, that's how any other other way other than the conviction. Well, that's how I began my question. For instance, the trial court never called to the attention of the trial, the precedent called the attention of the trial court. By the way, the federal was convicted of these offenses in Will County cases 90 CF 1445 and 92 CF 1311, but instead just brought out evidence about this guy is around guns all the time he's always using guns and he presented some evidence about his gun use. That would have been admissible. Or at least subject to the trial courts discretion. I don't think so. Because, in this case, Mr. Matthews is engaging in constitutionally protected conduct of firearms possession in those Will County cases in 1990 and 1992, and the Supreme Court and NG explains that you can't, and then the whole host of Second Amendment cases from Heller through the Aguilar cases and Illinois and then the new United States Supreme Court case. In this case of being an armed habitual criminal and aggravated discharge of a firearm. So you're saying it would be improper for the state to have brought out his being around and firearms, a lot, and having possession of them, leaving aside the fact he was convicted and assuming for the moment that it was protected under the Second Amendment, they couldn't bring that out at all. I'm not aware of how because you can't you can't criminalize someone for engaging in constitutionally protected conduct. And it wasn't brought out and just some sort of general way here. The prosecutor actually told the circuit court and aggravation that Mr. Matthews was convicted of unlawful use of a weapon in the 1990 Will County case. The court stated that it considered the arguments of the people, the pre sentence investigation report listed two convictions for unlawful use of weapon in Will County in 1990 and 1992 convictions. The court stated that it considered the pre sentence investigation report, and then it listed those convictions in aggravation at sentencing. And as I mentioned at the be at the beginning of your of your honors questions. The court stated that Mr. Matthews had a pattern of criminality, involving crimes for possessing firearms, and that just wasn't the case. Pattern of handling and possessing firearms, and he's convicted of firearm offenses, and I'm concerned about this pattern. And therefore, I think I'm going to impose sentence x, that would be improper. I guess I would, I would need more information I just know in this case it wasn't considered generally, the court specifically stated it was considering those convictions, and our Supreme Court held an NG that you can't use convictions under facial and constitutional laws for any purpose, including to enhance punishment. Well, you also going back to the same site people versus Hollins. Your position that the trial courts consideration of one of this year. initial convictions is improper but how is what was going on in that case is an argument he was entitled to a new sentencing hearing. He's the trial court and probably considered his boy conviction for aggravated lawful use of weapons in determining he was eligible That's true. It wasn't a matter of just deciding as an aggravating and mitigating factor but it was the threshold step, deciding whether he was eligible to be sentenced as a class X offender. And without that boy conviction he wasn't, that's not our cases. No, that, no, that that's a distinction and Hollins and Hollins the the boy conviction was used to send someone to the class X, class X offender here it was used as a class expander, just to be precise, it's different than it was used as an aggravating In Hollins, it was the threshold question of could he be sentenced as a class X offender. And the answer was no, not without the trial courts consideration of the boy conviction. Isn't that correct. Yes, it's a different use of sentencing and Hollins. Yes, I agree. Yes. The point I was trying to make again is the court said an NG they can't use it in any way, which is why we are asking this court to remand for resentencing and the aggravated discharge of a firearm case, and that would allow the circuit court to have the correct information about Mr Matthews background and then the the sentencing judge could determine what they thought the appropriate sentence was while having that accurate information. So, I want to go to the post conviction petition here, the affidavit, if I may ask when he didn't get the affidavit from French. And when we look at our decision here and people versus Bates. He never even explains why he never got that affidavit. And when you look at the record here. This trial was just replete with references to French. A number of witnesses testified about her purportedly being the shooter. This was out there throughout this entire trial. But the videotape seems to trump that because the videotape depicts your client and that French, but if you could address this issue as to why you believe Bates would Bates would allow us to decide this matter as to whether or not counsel was ineffective when he doesn't explain why he never got the affidavit. Yes, so Bates sites to section 122 dash to the post conviction Hearing Act, as I do here, which states that a petition can be supported by either attaching an affidavit, or the petitioner can state why that information is not attached in Bates the petitioner said that they couldn't attach an affidavit from an alibi, an alibi witness, because they were stymied by COVID restrictions. They said that both they and their family were unable to contact the witness to get that affidavit because of those COVID-19 restrictions, and this court, a different panel of this court found that that was a sufficient explanation to comply with section 122 dash to the post conviction Hearing Act, particularly given the lenient stage which was post say, excuse me, pro se post conviction petitions are to be viewed at the first stage of post conviction proceedings. Isn't it true that in the affidavit that was referenced in Bates, that it was pretty specific in terms how in terms of how COVID restrictions have limited the defendants ability to obtain the affidavit, specifically identifying what investigative investigative efforts had been utilized, that there had been an attempt to locate the witness, but that they found that the witness had moved and so forth. And here there's really a generic excuse given that COVID was making things difficult, but not really specifying how they made things how it made things difficult. So in Bates, it was discussed that both the petitioner and their family were unable to find the witness, it did discuss that the witness had moved, and it did discuss that COVID restrictions prevented that that witness from being contacted. The state had actually argued that more specific details were required in Bates, such as whether the person had been contacted by phone or email or other specific details. And this court held that those further specific details were not required under the post conviction Hearing Act, and that those other further details were not needed. That's that's the same argument that state makes here and for the same reason I think it should be rejected because those other specific details aren't required under the act and there's no authority for that. What was explained in the petition by Mr. Matthews, is that he cited to a forthcoming affidavit by Felicia French, he stated that he could not get the petition by the due date for the petition, and then he attached more evidence to the petition specifically was on lockdown to prevent the spread of COVID-19, which hindered his efforts. He explains that he was unable to get to the library, because of those restrictions, and he actually proactively tried to file a motion in the circuit court to get additional time to file his post conviction petition, but the circuit court wouldn't grant him one, and having all of that information about him wanting to have this affidavit, the due date was approaching, but he couldn't get it because he got COVID-19, he was sick, he was restricted in detail to explain why he was not able to attach the affidavit. Can you explain why that would be sufficient? I mean, I hear you saying that he provided some details about his testing positive for COVID, having some certain library restrictions and that, but in terms of details, explaining efforts made to locate French, why shouldn't he be required to set forth what he has done in order to try to locate the witness? Because it doesn't sound like any of those details that you've identified specifically go towards what efforts were made and how he was stymied in locating French. The details that I mentioned are what Mr. Matthews put in the petition. And the act just says that he has to state why he couldn't attach evidence. When our Supreme Court in Collins has interpreted that section of the act, it stated that a petitioner at the first stage just needs to explain why they couldn't attach evidence. And these further details that I think your Honor is asking about and that the state has brought up in its briefing, they're just not required at the first stage. There's no authority that requires him to provide any more details. You just need to explain why. The post-conviction petitioner can just simply say, I was sick, wasn't able to have access to the law library, and therefore that's good enough. He was sick. He couldn't move around. We were under a pretty unique circumstance, once in a hundred year global pandemic. He stated his specific prison was on lockdown. And he couldn't get the information. And as I mentioned before, he did proactively ask for an extension to get that information. He filed a motion in the circuit court requesting one, and the circuit court wouldn't grant him one. And having all of those pieces of information I do think is sufficient at the first stage under the plain language of the Post-Conviction Hearing Act and the interpretation in this court's application. Your time is almost up. I want to point out the fact that even in his own affidavit, he never makes the statements that he makes in his petition. So he doesn't even say in his affidavit the things that he purportedly heard from French and from the other two witnesses that he puts in his petition. And so even his own affidavit isn't adequate, is it not? I don't believe he'd be required to repeat the information in the petition and the affidavit. He signed it. He filed it. He certified the information in the petition was accurate. The information that is helpful in the affidavit is that he explained how he wanted to contact Ms. French, and the due date was approaching, and he wasn't able to do that. And I did just want to address Your Honor's point before. The claim in the petition is that Ms. French would have testified that Mr. Matthews wasn't even at the scene at the time of the offense, which is a bit different from what was presented at trial. The scene was her house. She would have stated he wasn't there, and trial counsel never went and contacted her. And I do think that that's sufficient to advance the petition to the second stage. So if there are no additional questions at this time, I would be asking this court to remand the post-conviction petition for second stage proceedings and to address all of the Second Amendment issues raised in the first issue in the briefing. That would be vacating the weapons offenses in Will County, vacating the aggravated, the sentence, excuse me if I may conclude, vacating the armed perpetual criminal conviction in this case, and remanding for resentencing for the aggravated discharge of a firearm conviction as NG requires. Thank you. All right, thank you. You'll have time in rebuttal. Mr. Manchin. Please court, counsel. I'll address the question of the counsel's competency first, with the court's permission. This case is clearly distinct from Bates because you cannot just simply say, I don't have an affidavit. And that's all the defendant said here. His explanation regarding COVID said nothing about his attempts to try to get contact with Miss French, or why he couldn't contact French. His explanation regarding COVID simply went to the timing of his petition, explaining why his petition was going to be potentially late, and his request for extra time was simply extra time to file the petition. He did not ask for extra time to contact French. So, he gave absolutely no explanation as to why there was no affidavit from French, who, according to his own affidavit he knew about from the date of the conviction of before trial. And there's no explanation of why in the, what, two, two, three years between the conviction and the petition, why he COVID restrictions in March 2020 could not have prevented him from getting ahold of her earlier. So I think that even under Bates, the statement, I don't have an affidavit, and one's forthcoming is not enough because the post-conviction act requires the defendant to provide explanation for why the affidavit is not there. And we have no explanation here. We just simply say, I don't have. And that's not enough. With respect to the claim of counsel's failure to contact her, the defendant's own petition shows that he did in fact try to contact her. Plus, it could not be ineffective assistance for trial for defense counsel not to present French for a witness as a witness, even if he had been able to contact her. She was presented by the defendant as the actual shooter. It would be foolish for the council to try to put her on the stand. And when he's accusing her being the shooter, when she has the right to claim, and she was actually actually charged the belief. So she would have had the right to raise a Fifth Amendment privilege against testimony so trying to present testimony from the person you're accusing of trying to being the actual shooter. That is not ineffective assistance that is not deficient performance. And as Justice Bridges noted, we have this entire crime on film. And the defendant is clearly depicted and identified by two people who know him as being on that film firing the shots, and you can see the, the flash from the muzzle, as he fires the gun. So her testimony that that he was not there or that she did not see him there could not have any effect on the outcome of the trial so the trial court properly rejected the claim of ineffective assistance for not calling French as a witness, or Mr And the question is whether or not some claim being made by the defendant in the post conviction petition is rebutted by the record. So I guess the question is, it's an interesting one. Does this evidence that you've cited, what the video shows constitute quote rebutted by the record unquote, which normally is not an evidentiary matter that's the situation where the defendant says I wasn't advised that I have the right to testify and it was my lawyer said you can, when the record would show Oh yeah, you were advised the right to testify that would be example something affirmatively rebutted by the record. But you seem to be identifying evidence as falling into that same category but doesn't that impermissibly require us to be weighing evidence. Well, no, Your Honor, because it's the question of for dismissing a post fiction petition is whether it is arguable that counsel was deficient and is it arguable that the defendant was prejudice. And when so you do have to do some weighing to see if it is arguable. And when it the video of the crime in progress of completely rebutts any testimony that he was not there. There is not even an arguable prejudice isn't there perhaps this case but trying to figure out maybe a sliding scale with regard to a video we've had others cases and I know you have to where there's a video but the clarity is in doubt, or it's not as positive It looks like, you know, a trier of fact could conclude it was the defendant, but not sure that consistent with Robinson. That's the only possible conclusion which could be drawn or put another way to mention that there's no juror who could have found as the defenders claiming that's not me and that video wasn't good enough. I don't think we've ever had anything quite like this and I'm just wondering, isn't there some evaluation of the video which we would have to engage in before we can conclude that it was a matter that was affirmed affirmatively rebutted the defendants claims. Well, anytime you have to anytime you're determining whether the record to a affirmatively rebutts the defense allegations, you have to do that same type of analysis as to what does the record show, and does that conclusively rebut what he said, Well, using the example I've given you and I've seen it in some other cases I think you have as well. This is not a close question. The trial court advised the defendant affirmatively of his right to testify and going through the standards about how that works. And he says I wasn't told that, you know, that's not a close question that's what I think we've always understood that the record affirmatively rebuts these claims. But you still have to go through the record to find that colloquy in front of the court. Okay, so I don't believe here by looking at the video and using the video to say there is no possible prejudice that you're violating the rule against weighing evidence. I'm just saying that the defendant cannot even make an arguable claim of ineffective assistance, either on the course point point a deficient performance or on the point of prejudice, because the nature of the testimony and the nature of the defense that counsel simply could not have called French as a witness because she was charged with the same offense and had the right to claim. Fifth Amendment privilege in any attempt to have brought her before the trial would have failed. Plus, why would you want to call her as a witness when you're claiming that she is the shooter is, you don't want to get her on the stand to be able to deny that she's the shooter. So I think that there's the claim, the trial court properly rejected the only allegation that defendant raisins post fiction, namely ineffective assistance. So mentioned before you switch gears to your next subject, you may be going to this I'm not sure, but as to the UUW convictions and the convictions for UUW I wanted to just verify your position on this. Just based on your brief in the heading of the issues. It looks like you're conceding the UUW convictions and the UUW convictions should be vacated. Yes, but that's the only remedy the defendant is entitled to in this case. The defendants, again, defendants only allegations in a post conviction petition was that counsel was ineffective for not calling witnesses defendant raise no issues regarding sentencing, no issues regarding the unconstitutionality of the is under the void under the voidness rule, the aggravated discharge, even court aired in considering the prior convictions for unlawful use of weapon that does not render the sentence or proceedings void. So there's just simply no way for this court to address the propriety of the aggravated discharge one because it's simply not void, and it can't be raised for the first time on appeal from the dismissal of a petition that didn't raise the issue, then can you briefly address the armed habitual criminal conviction. And there were three predicate felonies that were used the two UUW convictions and then also a claim unlawful possession with intent to deliver conviction. Does the record as the record exists here in this case, demonstrate that defendant did not have the requisite level felony that in fact he was convicted of a class for felony unlawful possession, as opposed to a class three or higher. Well, the only information presented to the jury was the certified conviction for the class one defendant is now saying no I wasn't convicted of that. That class one offense and presenting materials outside the record that had been presented at the pre on direct appeal, saying that there's some question as to the level of the offense, but doesn't the record established, such as the minimus doesn't establish it was a class for the record is, I don't think the record is that clear because the defendant presents the minimus and some other information but the certificate of conviction itself states it as the class one. So what you have is a conflict of evidence, and the defendants trying to challenge the proof beyond a reasonable doubt of the underlying felony on appeal from a in a post conviction petition and sufficient to the evidence is not a issue that can be raised a post conviction petitions. So, the evidence before the jury was that there was three convictions, the unlawful use of weapons that has to be vacated but that that left to qualifying once the defendant is trying to challenge for the first time. The sufficiency of one of those underlying felonies, she's raising it for the first time in this appeal. She did not raise it in her post conviction petition or before the trial court in this in these proceedings. I think that the only outright vacating the habitual criminal one would be the improper remedy here, assuming this court has questions as to what what the actual status of her conviction is the proper course would be to remand this case to the trial court to make an evidentiary determination okay, which of these documents is the correct ones. And then we have the trial court being able to make a determination as to whether or not the post conviction petition challenge the habitual criminal one can go forward. But I think on this record the court should not even address the habitual criminal one, because it was never raised in the petition, and the habitual criminal one is not void on its face, because of the course consideration of the unlawful use one because there were two other convictions that were approved at trial. And the defendant simply cannot now try to challenge on appeal. The validity of one of the other underlying convictions. This mention doesn't isn't a record clear as to which of the underlying convictions was the predicate for the enhancement. The court instructed to the that was used in this case, the, as I recall, the jury was presented with all three of the with three predicate offenses. The unlawful use the drug one. And I, my memory fails on the third one but that one has never been challenged. So the trial court, the jury was proved by beyond a reasonable doubt that the defendant had three prior convictions, only two of which were needed. So if you kick out the unlawful use one. The defendants conviction is still that for unlawful armed him or armed habitual criminal is still valid because there's still to felony to qualifying felonies that were proved beyond a reasonable doubt to the jury. What are those two that you're alleging were approved. What one is the a drug offense, and I'm trying to see if I can find it here in the record. But I thought the drug offense, I thought that was corrected, because it in fact wasn't. I thought he used a docket cheap or somebody used a docket sheet and at the trial level, they were not sure as to the actual conviction. And then what they were able to establish. You correct me if I'm wrong was it was in fact you w which is boy. Yeah, well, there were three presented, and my notes, don't show which what the three were off the top of my head, let me see if I can. I've got the rule 23 order here in front of me. Give me a second. Well for the armed habitual criminal charge. It was the two UWF convictions, and then conviction that was asserted to be unlocked a conviction for unlawful possession of a controlled substance with intent to deliver a class one felony. Yeah, but I believe that only one of the underlying offense unlawful use ones. Uh, like I said my memory has is failing me on the practice and CEO. See. Okay. Okay. I, I'm going to have to apologize court I can't recall what the three were, and I can't seem to find it at this time but again, the defendant is challenged, the conviction for armed habitual criminal would not be void because two of the, I believe that there were two qualifying ones in addition to the unlawful use. If my memory is faulty I apologize to the court. Again, these are issues that were never raised by the defendant below so if this court believes that there is some merit to them the proper thing to do is to remand it to the trial court for determination, as rather than trying to make his own. This court makes own factual determinations, as to the validity of the underlying felonies. So I see my time has expired so I will stand on my brief. Right. Thank you, Mr mansion, Miss over rebuttal argument. Thank you. Could you, if you wouldn't mind if you would address that last point first in regards to arm habitual criminal. Yes, so at the trial in this case the state offered certified copies of convictions from a 2013 will county case for unlawful use of weapons by a felon. They offered certified copy of conviction for the 1994 unlawful use of weapons by a felon conviction. That is Boyd, and then they offered a certified copy of conviction for a 1992 drug conviction. That is what was offered at trial. However, when you look at the record in this case, it's clear that the state was not relying on that drug conviction to support the charge, and that's because it cannot. Before the briefing was filed in this case this court granted emotion to supplement to the record, the guilty plea transcript from that 1992 case, which shows conclusively what Mr Matthews was convicted of in that 1992 case, he was convicted of a class for possession of controlled substance offense. The state has never argued it didn't object to that motion it didn't argue in the briefing that that transcript was somehow unclear and conclusive that transcript makes it very clear that that 1992 conviction is a class for offense. That's not a proper predicate for the arm to ritual criminal conviction, and the important thing here is that the state wasn't really relying on it support the arm to ritual criminal charge. I would direct this court's attention to the post trial proceedings, specifically pages 565 and 566 of the report of proceedings, where the prosecutor told the circuit court that it was irrelevant. conviction Mr Matthews had in the 1992 case, and that any use of that conviction was both clearly harmless error, because the state used and relied upon the 1994 will county conviction for unlawful use of weapons by a felon as a predicate to support the arm to ritual criminal charge, but that back on. Excuse me for interrupting. Yeah, you could go back to the documents that were used to supplement the record in this case. Yes, Justice bridges was asking about the doc docket sheet, and was there a docket sheet entry by the court in the will county drug case 92 CF 92 11 that showed that the state had requested that the charge in that case be amended to possession only not possession with intent to deliver that docket sheet was offered at the post trial proceedings. When Mr Matthews filed a motion for a new trial, arguing that that drug conviction could not support the arm to ritual criminal charge so that is already in the record. When, when was the amendment. I'm sorry, which which amendment was the amendment to the charge the drug charge made. It was made at the guilty plea proceedings in the 1992 case. Those were held on June 12 1993, and that transcript was supplemented to the record before the briefing was filed here. It's the, it's the entire supplement report of proceedings that that is that guilty plea transcript. Okay, thank you. Yes, I believe there was an indication that my that my time has come to an end if I may briefly conclude, you may and I'm sorry I was looking down at writing so I didn't see that you may conclude. Thank you. The last thing I do want to point out is that the state was not relying on that drug conviction to support the arm to ritual criminal charge. The prosecutor stated that it was irrelevant, what drug conviction Mr Matthews was convicted of, and then any use of it was clearly harmless error, because it offered the 1994 will county conviction as a predicate offense. That conviction is buoyed, and it cannot be used to support guilt for the arm to ritual criminal charge. The Supreme Court three convictions, and is supposedly relying on one, but two of the three, one that turns out to be going to the three or not. Does it matter what the state's reliance was, as far as the court is concerned. The Supreme Court and energy said you can't use or rely upon a conviction for violating a facial and constitutional statute to support guilt, which is why I've used that that language. You didn't answer my question you're arguing about how the state's reliance was significant. My question is why is that the case if the state relies on something that might not be correct, but there's other proper information before the court, which is sufficient. Why do we care what the state relied upon. Because the Supreme Court energy said they can't rely on it. Wasn't that isn't it the court that is imposing sentence and considering these matters. I mean we have this state saying all kinds of things and all kinds of cases and what we're looking to is, what are the court do was that correct. Yes, I apologize I thought you were asking about the arm to ritual criminal conviction or are you asking about the sentencing. Yes, at sentencing it is important, what the circuit court relied upon and what the state relied upon, because it says that the state and I mean that in the broad sense the state of Illinois, both the prosecutor and the circuit court can't use a facially unconstitutional statute a conviction under that to support guilt, or to enhance punishment. And it says very clearly that challenges to this use can be raised at quote any time, and any court. They're not subject to forfeiture, they're not subject to any procedural bar and petitioners are not restricted to specific statutory methods for bringing these claims before a court. And if there are no further questions, I would ask the court to order the Second Amendment relief requested an issue one, as well as around the petition for second stage post conviction proceedings. Okay. All right, so thank you both. The matter will be taken under advisement, and a written decision will issue.